IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JABARI LUCKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-090 |
| | ) | |
| JOHNNY RABURN, Mayor of Wrens, and | ) | |
| JACK HANCOCK, Officer, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP").  Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential Defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

I.    **SCREENING OF THE COMPLAINT**

A.    **BACKGROUND**

Plaintiff names as Defendants: (1) Johnny Raburn; and (2) Jack Hancock.[1]  (See doc. no. 1, pp. 1, 2.)  Taking all of Plaintiff's factual allegations as true, as the Court must for

_____

[1]Plaintiff also interchangeably refers to Defendant Jack Hancock as John Hancock in his complaint.  (Doc. no. 1, pp. 4-5.)  Because Plaintiff does not appear to allege causes of action against two different people with the last name Hancock, the Court only refers to Jack Hancock

purposes of the present screening, the facts are as follows.

Between September 16, 2016 and September 17, 2016, Plaintiff was detained for suspicion of fraud.  (Doc. no. 1, p. 4.)  Plaintiff was arrested, handcuffed, and placed in a police car.  (Id.)  As Plaintiff was being taken into the police car, Jack Hancock, an officer with the Wrens Police Department, told Plaintiff he made terroristic threats to a clerk named Monica Elaine Cuyler Thomas.  (Id.)  Charged with making terroristic threats, Plaintiff spent the next fifteen months in Jefferson County Jail, and on June 16, 2017, Plaintiff's charges were dismissed at a preliminary hearing for unknown reasons.  (Id.)  In an unrelated incident while Plaintiff was at Jefferson County Jail, on July 17, 2017, jail guards and an emergency medical technician ("EMT") told Plaintiff and another jail inmate to transport a deceased jail inmate, John Ayrmes.  (Id. at 5.)  While escorting Mr. Ayrmes's body, Plaintiff and the other inmate dropped the body.  (Id.)

Plaintiff alleges Mr. Hancock lied about Plaintiff making terroristic threats and alleges Mr. Hancock is responsible for false arrest and malicious prosecution.  (Id. at 4.)  Plaintiff alleges Defendant Johnny Raburn is the Mayor of Wrens, Georgia, and is a policymaker for the city.  (Id.)  For relief, Plaintiff requests $1,000,000 in damages.  (Id. at 5.)  He further requests Mr. Hancock be reprimanded for the incident where Plaintiff dropped the jail inmate's body and for his involvement in the charges against Plaintiff for terroristic threats.  (Id.)

---

as a Defendant.

## B.      DISCUSSION

### 1.      Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.   See 28 U.S.C. § 1915(e)(2)(B).   A claim is frivolous if it "lacks an arguable basis either in law or in fact."   Neitzke v. Williams, 490 U.S. 319, 327 (1989).   "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."   Twombly, 550 U.S. at 555.   While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation."   Iqbal, 556 U.S. at 678.   A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"   Id. (quoting Twombly, 550 U.S. at 555, 557).   In short, the complaint must

3

provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.  Plaintiff Fails to State a Claim Against Defendant Johnny Raburn and Against Both Defendants for the July 17, 2017 Incident

The Eleventh Circuit has held that a district court properly dismisses a defendant where a plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  Here, Plaintiff merely alleges Defendant Raburn is the mayor of Wren, Georgia.  (Doc. no. 1, p. 2, 4.)  Plaintiff alleges no facts connecting Mr. Raburn and the alleged false arrest, malicious prosecution, or any other violation of his rights.  Therefore, Plaintiff fails to state a claim against Mr. Raburn.

Turning to Plaintiff allegations regarding his participation in transporting the deceased body of John Ayrmes, Plaintiff fails to state a claim because he does not allege the involvement of any Defendant.  Plaintiff does not allege any facts relating Defendants to the July 17, 2017 incident.  (See id. at 5.)  Therefore, he fails to state a claim.

4

### 3.    Plaintiff Fails to State Official Capacity Claims for Monetary Relief Against Defendants

Plaintiff does indicate whether he is suing Defendants individually or in their official capacities.  (Doc. no. 1, p. 2.)  To the extent Plaintiff is suing Defendants in their official capacity for monetary damages, the Eleventh Amendment bars official capacity claims against state prison officials for money damages.  Kentucky v. Graham, 473 U.S. 159, 169 (1985).  It is clear from Plaintiff's complaint Defendants are state officials, and Plaintiff is seeking money damages. Therefore, Plaintiff's official capacity claims for monetary relief fail as a matter of law and should be dismissed.

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's official capacity claims for monetary relief be **DISMISSED**, Plaintiff claims against both Defendants regarding the July 17, 2017 incident in Jefferson County Jail be **DISMISSED** for failure to state a claim, Plaintiff's claims against Mayor Raburn be **DISMISSED** for failure to state a claim, and Mayor Raburn be **DISMISSED** from the case.  In a companion Order, the Court allows to proceed Plaintiff's 42 U.S.C. § 1983 claims for false arrest and malicious prosecution against Officer Jack Hancock.

SO REPORTED and RECOMMENDED this 11th day of July, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA