```
                                              FILED
                                         U.S. DISTRICT COURT
                                             AUGUSTA DIV.

                                         20 MAY 14 PM 1:04

                                         CLERK_____
                                           SO. DIST. OF GA.
```

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| JABARI LUCKETT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 119-090 |
| | * | |
| JACK HANCOCK, | * | |
| | * | |
| Defendant. | * | |

O R D E R

Before the Court is Defendant's motion to dismiss. (Doc. 18.) For the following reasons, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

I. BACKGROUND

In June 2019, Plaintiff initiated the present action alleging right to recovery under Section 1983. (Compl., Doc. 1, at 1, 3-5.) Specifically, false arrest and malicious prosecution provide the foundation for the Section 1983 claims. (Id. at 3.) According to the complaint, Plaintiff was arrested on suspicion of fraud. (Id. at 4.) Based upon Defendant's lies, Plaintiff was also arrested and charged for making terroristic threats on September 16, 2016. (Id.) All charges were eventually dropped. (Id.)

The timeframe at issue is murky. Plaintiff alleges that the events giving rise to the claim occurred on September 16, 2016.

(Id.)  Plaintiff then asserts that he spent the next fifteen months in jail until the charges against him were dropped on June 16, 2017, nine months later.  (Id. at 4-5.)  Finally, the complaint recounts an event occurring in jail on July 17, 2017.  (Id. at 5.)  At this point, the duration of Plaintiff's incarceration is unclear.

Defendant moves to dismiss Plaintiff's motion pursuant to Federal Rule of Civil Procedure 12(b)(6) claiming the applicable statutes of limitations bar Plaintiff's claims.  (See generally Mot. to Dismiss, Doc. 18.)  Plaintiff filed a response in opposition.  (Resp. Opp'n Mot. to Dismiss, Doc. 19.)

## II. LEGAL STANDARD

"A statute of limitations bar is 'an affirmative defense, and [a] plaintiff[] [is] not required to negate an affirmative defense in [his] complaint." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (quoting Tregenza v. Great Am. Commc'ns Co., 12 F.3d 717, 718 (7th Cir. 1993)).  Thus, "[a] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred."  Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc., 522 F.3d 1190, 1194 (11th Cir. 2008) (citation and internal quotation marks omitted).  In reviewing the timeliness of

2

a claim at this stage, the district court accepts the complaint's well-pleaded allegations as true and construes them in the plaintiff's favor. Id.

### III. DISCUSSION

The Court first determines the applicable statute of limitations for Plaintiff's Section 1983 claims.

**A. Statute of Limitations – Section 1983 Claims**

"Section 1983 claims are tort actions, subject to the statute of limitations governing personal injury actions in the state where the [Section] 1983 action has been brought." DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011) (citation and internal quotation marks omitted). Georgia maintains "a two-year statute of limitations for personal injury actions" id. (citing O.C.G.A. § 9-3-33), "and that limitations period is two years from the accrual of the right of action" Thompson v. Corr. Corp. of Am., 485 F. App'x 345, 347 (11th Cir. 2012) (applying Georgia law). "The question of when the limitations period begins to run" for a Section 1983 claim, "however, is one of federal law." Uboh v. Reno, 141 F.3d 1000, 1002 (11th Cir. 1998); accord Mullinax v. McElhenney, 817 F.2d 711, 716, 716 n.2 (11th Cir. 1987). Generally, a Section 1983 claim accrues when "the plaintiff knows or has reason to know that he has been injured." Mullinax, 817

F.2d at 716. Therefore, the Court advances to evaluate when each cause of action accrued and whether each claim is timely.

**B. False Arrest**

It is unclear whether Plaintiff's false arrest claim is based on the absence of a probable cause determination or lack of a warrant, but either way, the claim is time-barred. First, false arrest and false imprisonment are often referred to together as false imprisonment. Wallace v. Kato, 549 U.S. 384, 388-89 (2007). "A claim for false arrest without a warrant accrues 'when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.'" White v. Hiers, 652 F. App'x 784, 786 (11th Cir. 2016) (quoting Wallace, 549 U.S. at 388). Because "a false imprisonment consists of detention without legal process, a false imprisonment ends once the plaintiff becomes held pursuant to such process — when, for example, he is bound over by a magistrate or arraigned on charges." Id. (quoting Wallace, 549 U.S. at 389); accord Burgest v. McAfee, 264 F. App'x 850, 852 (11th Cir. 2008); Jones v. Union City, 450 F. App'x 807, 809 (11th Cir. 2011).

Although the complaint omits any specific date Plaintiff was bound over by a magistrate or arraigned, it is readily deduced from the face of the complaint that Plaintiff's claim for false imprisonment accrued sometime near September 16, 2016, the alleged date of his arrest. Under Georgia law, a person arrested without

4

a warrant must appear before a judicial officer within forty-eight hours and within seventy-two hours if arrested pursuant to a warrant. O.C.G.A. §§ 17-4-62, 17-4-26; accord GA. UNIF. SUPER. CT. R. 26.1 ("Immediately following any arrest but not later than [forty-eight] hours if the arrest was without a warrant, or [seventy-two] hours following an arrest with a warrant, unless the accused has made bond in the meantime, the arresting officer or the law officer having custody of the accused shall present the accused in person before a magistrate or other judicial officer for first appearance."); GA. UNIF. MAG. CT. R. 25.1. Plaintiff's false imprisonment claim accrued, therefore, at the latest, on September 19, 2016. See Burgest, 264 F. App'x at 852. Consequently, the statute of limitations expired in September 2018, several months before Plaintiff filed the present action in June 2019. For these reasons, Plaintiff's false arrest claim is time-barred.

**C. Malicious Prosecution**

The accrual date for a malicious prosecution claim is different than the accrual date for a false imprisonment claim. A claim for malicious prosecution accrues when "the underlying criminal proceedings have resolved in the plaintiff's favor." McDonough v. Smith, 139 S. Ct. 2149, 2156 (2019) (citing Heck v. Humphrey, 512 U.S. 477, 484 (1994)); accord Uboh, 141 F.3d at 1006; Burgest, 264 F. App'x at 852-53.

5

As discussed, the complaint makes difficult determining the date the prosecution terminated in Plaintiff's favor. In response to Defendant's motion to dismiss, though, Plaintiff attached a dismissal of the charges against him in the Superior Court of Jefferson County, Georgia, dated June 21, 2017, and filed June 23, 2017. (Resp. Opp'n Mot. to Dismiss, at 2.) Starting the two-year statute of limitations at either date, Plaintiff's complaint filed at the latest on June 19, 2019, is timely as to the malicious prosecution claim.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss (Doc. 18) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claim for false arrest is **DISMISSED**, and Plaintiff's claim for malicious prosecution may proceed.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of May, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

6